96857-7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

YELENA BEATRIZ RIOS
HERNANDEZ,

   Plaintiff,

vs.

ROSS DRESS FOR LESS, INC.,
d/b/a ROSS STORES, INC.,

   Defendant.
_____/

### NOTICE OF REMOVAL BY DEFENDANT ROSS DRESS FOR LESS, INC.

COMES NOW Defendant, ROSS DRESS FOR LESS, INC. ("ROSS"), by and through the undersigned counsel, and hereby files its Notice of Removal to this Court of the above-styled action pursuant to 28 U.S.C. section 1441(b) and 1446(a), and 28 U.S.C. section 1332, and as support thereof, Ross avers as follows:

1. ROSS is the sole Defendant in a civil action brought against it in the Seventeenth Judicial Circuit in and for Broward County, Florida, styled *Yelena Beatriz Rios Hernandez v. Ross Dress for Less, Inc., D/B/A Ross Stores, Inc.,* Case No. CACE-20-016434. A true and correct copy of all process, and pleadings served upon ROSS is attached hereto as Composite Exhibit "A" in compliance with 28 U.S.C. section 1447 (b).

2. This action involves Plaintiff's alleged personal injuries sustained as a result of an alleged incident at ROSS's store located at 3200 N Federal Hwy, Fort Lauderdale, FL 33306, on or about January 27, 2020 (hereinafter "subject incident"). (*See generally* Compl.). Plaintiff's

CASE NO. CACE20-016434

Complaint was served on ROSS on October 12, 2020.  (*See* Return of Service dated Oct. 16, 2020.)

3. ROSS's Notice of Removal has been timely filed within thirty (30) days after receipt by ROSS of the initial pleading setting forth the claims for relief upon which removal is based.  *See* 28 U.S.C. § 1446(b).  No further state court proceedings in this litigation have taken place as of the date of this Notice of Removal.

4. This is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. A defendant may remove a state court proceeding to federal court if: (1) the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and (2) the action is between citizens of different states.

### THE PARTIES ARE COMPLETELY DIVERSE

5. Plaintiff resides in Broward County, Florida. (*See* Compl. ¶ 2).  To be a "citizen" of a state within the meaning of the diversity provision, a natural person must be both a citizen of the United States and a domiciliary of a state. *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001).  In determining domicile, a court should consider both positive evidence and presumptions. *Id*.  One such presumption is that the state in which a person resides at any given time is also that person's domicile. *Id*.  Therefore, Plaintiff's citizenship in the State of Florida is assumed for diversity purposes.  *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (explaining that "[c]itzenship is the equivalent to domicile for purposes of diversity jurisdiction.").

6. ROSS is a foreign corporation doing business in Florida and incorporated under the laws of the State of Virginia with its principal place of business in the State of California.

CASE NO. CACE20-016434

Accordingly, pursuant to 28 U.S.C. section 1332(c)(1), Ross is, and was at the time of the commencement of this action, a citizen of the State of Virginia because it is a corporation organized under the laws of the State of Virginia. In addition, Ross is also a citizen of the State of California because its principal place of business is located at 5130 Hacienda Drive, Dublin, CA 94568. As evidence to support ROSS's assertion that diversity of citizenship exists in this case, ROSS has included the Florida Department of State, Division of Corporations Detail for itself (attached hereto as Exhibit B).

### *THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED*

7. The amount in controversy in this case exceeds $75,000.00. Although the Complaint merely sets forth the minimal jurisdictional allegations necessary to invoke the jurisdiction of the state trial court, the Plaintiff's pre-suit demand of $400,000.00, demonstrates that the amount in controversy well-exceeds the amount necessary to invoke the jurisdiction of this District Court.[1] (*See generally* Plaintiff's Demand Letter dated June 1, 2020 (attached hereto as Exhibit C).

8. Based upon the representations made by Plaintiff within her demand letter, including total medical expenses to date amount to approximately $60,000.00, the amount-in-controversy requirement is clearly established. *Cf. Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058,

---

[1] A district court may consider a pre-suit demand letter in making its determination regarding satisfaction of the amount-in-controversy requirement. *See AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc.*, 268 F. App'x 864, 866 (11th Cir. 2008) (affirming district court's consideration of pre-suit demand letter on removal in concluding the amount-in-controversy requirement was satisfied); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213–14 (11th Cir. 2007) (district court may consider the notice of removal and accompanying documents when deciding upon a motion to remand); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) (district court may consider evidence outside of the removal petition if the facts existed at the time of the removal); *Katz v. J.C. Penney Corp.*, No. 09-cv-60067, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) ("Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed.").

CASE NO. CACE20-016434

1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."); *see also Mick v. De Vilibiss Air Power Co.*, No. 6:10-cv-1390-Orl-28GJK, 2010 WL 5140849 (M.D. Fla. Dec. 14, 2010) (holding customer's pre-suit demand letter alleging damages of $175,000, was sufficient to establish an amount in controversy exceeding $75,000); *Katz v. J.C. Penney Corp., Inc.*, No. 09-CV-60067, WL 1532129 (Fla. S.D. Fla., June 1, 2009) (holding that jurisdiction amount had been met wherein Plaintiff's sought $58,995.78 in medical expenses and remainder of $16,004.22 could be accounted for in the plaintiff's allegations of future medical costs and for pain and suffering).

9. Consequently, this Court has original jurisdiction over the aforementioned matter pursuant to 28 U.S.C. section 1332, as this action involves: (1) citizens of different states, and (2) an amount in controversy in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

### *THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN COMPLETED BY ROSS*

10. Pursuant to procedural requirements for removal set forth in 28 U.S.C. section 1446(d), ROSS will file a Notice of Filing Notice of Removal with the Clerk of Court for the Seventeenth Judicial Circuit, in and for Broward County, Florida, and will provide written notice of this Notice of Removal to all parties via e-service. A copy of the Notice of Filing is attached hereto. (*See State Court Notice of Removal* (attached hereto as Exhibit D)).

11. As stated above, true and correct copies of all documents filed in the state action are attached hereto as Exhibit "A." *See* 28 U.S.C. section 1447 (b).

CASE NO. CACE20-016434

12. Venue in this Court is proper pursuant to 28 U.S.C. section 1441(a), as this action is being removed from the state court in which it was originally filed — the Circuit Court of the Seventeenth Circuit in and for Broward County, Florida — to the District Court of the United States for the district and division in which such action is pending, the Southern District of Florida.

WHEREFORE Defendant, ROSS DRESS FOR LESS, INC., respectfully requests that the above action now pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, be removed therefrom to this Honorable Court because the citizenship of the parties is diverse and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

Dated: November 12, 2020.

          Respectfully submitted,

          */s/ Jason A. Glusman*
          Jason A. Glusman, Esquire (0419400)
          JGlusman@wickersmith.com
          William M. Bromley, Esquire (123502)
          WBromley@wickersmith.com
          WICKER SMITH O'HARA MCCOY & FORD, P.A.
          Attorneys for Ross Dress for Less, Inc.
          515 E. Las Olas Boulevard
          SunTrust Center, Suite 1400
          Ft. Lauderdale, FL 33301
          Phone: (954) 847-4800
          Fax: (954) 760-9353
          ftlcrtpleadings@wickersmith.com

CASE NO. CACE20-016434

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on November 12, 2020, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

                                                                   */s/ William M. Bromley*
                                                                  William M. Bromley, Esquire

## **SERVICE LIST**

Miriam Fresco Agrait, Esquire
Rubenstein Law, P.A.
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Telephone:   (305) 661-6000
Facsimile:    (305) 629-9580
mfagrait@rubensteinlaw.com;
lbanciella@rubensteinlaw.com;
eservice@rubensteinlaw.com