UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-62301-GAYLES/STRAUSS

YELENA BEATRIZ RIOS
HERNANDEZ,

Plaintiff,

VS.

ROSS DRESS FOR LESS, INC.,
d/b/a ROSS STORES, INC.,

Defendant.
_______________________________/

**ORDER GRANTING UNOPPOSED MOTION FOR COMPULSORY MEDICAL EXAMINATION**

**THIS CAUSE** is before the Court upon Defendant's unopposed motion for a compulsory medical examination ("CME") pursuant to Federal Rule of Civil Procedure 35 ("Motion"). (DE 10). This matter was referred to the undersigned by the Honorable Darrin P. Gayles, United States District Court Judge. (DE 6). Having reviewed the Motion, the caselaw, and the case as a whole, the undersigned hereby **GRANTS** Defendant's Motion (DE 10) as explained further herein.

Under Federal Rule of Civil Procedure 35(a), the Court may order a party "whose mental or physical condition ... is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner" upon a showing of good cause. Fed.R.Civ.P. 35(a)(1)-(2). According to the Supreme Court, "[a] plaintiff in a negligence action who asserts mental or physical injury ... places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964). Here, there is no dispute that

Plaintiff's physical condition is at issue,[1] and Defendant has shown good cause under Rule 35(a) for the exam. Further, Defendant's Motion states that counsel for the parties have agreed upon a time and date, the office where the examination will take place, the manner and scope of the examination, and the person who will perform it. (DE 10). *See* Fed. R. Civ. P. 35(a)(2) (requiring an order to specify "the time, place, manner, conditions, and scope of the examination, as well as the person . . . who will perform it"). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff, YELENA BEATRIZ RIOS HERNANDEZ, shall submit to a physical examination as follows:

1. Plaintiff shall appear for a Compulsory Medical Examination at the offices of Joseph Chalal, MD, located at 1101 E. Sample Road Pompano Beach, FL 33064 **on June 22, 2021 at 2:30 p.m.**

2. Plaintiff is not required to completely disrobe for the examination, although she may be asked to wear a hospital gown.

3. Plaintiff shall not affirm, confirm or verify any dictation by the examining doctor. Dr. Chalal may inquire about the nature and extent of Plaintiff's injuries, including inquiries about how the injury occurred, the course of treatment for that injury, and Plaintiff's medical history relating to the body part(s) Plaintiff claims were injured as a result of the subject incident. However, Dr. Chalal shall not ask questions greater than necessary to render a diagnosis or an expert opinion regarding the nature, cause, and severity of Plaintiff's injuries.

---

[1] Plaintiff alleges that she slipped on a liquid and, among other things, sustained severe and permanent injuries, physical and mental pain and suffering and disability due to Defendant's negligence in maintaining its premises. (DE 1-1 at ¶ 13). The Motion states that Plaintiff testified at her April 1, 2021 deposition that she suffered a right knee injury as a result of her fall. (DE 10 at ¶ 3).

4. Counsel for Plaintiff may attend the examination. Plaintiff's counsel shall not interfere or disrupt the examination.

5. A court reporter may attend the examination and/or may videotape the exam.

6. Defendant shall provide an interpreter as Plaintiff's primary language is Spanish.

7. The defense doctor shall not be identified as "independent," "appointed by the Court," "CME," or the like.

8. Plaintiff shall not be required to fill out any forms other than providing a government issued form of identification and any required COVID-19 protocol forms.

9. In accordance with the Local Rules of Southern District of Florida and Federal Rule of Civil Procedure 35(b), Dr. Chalal shall prepare a detailed written report of his findings, including results of all tests made, diagnosis and conclusions. Dr. Chalal's testimony regarding the Plaintiff shall be limited to the general content of his report except for additional information that may come to light or be provided to the doctor. In such case, Dr. Chalal shall then supplement his report accordingly.

10. The conditions apply to the exam as currently set for the date and time identified above or such other date and time as reasonably re-set.

11. Counsel for Defendant is responsible for notifying the examining doctor of the terms of this order.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 21st day of June 2021.

Jared Strauss

**Jared M. Strauss**
**United States Magistrate Judge**

Copies furnished to counsel via CM/ECF